**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MONTE MAUZY,**

                    **Plaintiff,**                   **5:12-cv-866
                                                           (GLS/ESH)**

                        v.

**CAROLYN W. COLVIN,** Acting
Commission of Social Security,

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinsky Law Group<br>300 S. State Street<br>Suite 420<br>Syracuse, NY 13202 | HOWARD D. OLINSKY, ESQ. |
| Legal Aid Society of Northeast New York<br>55 Colvin Avenue<br>Albany, NY 12206 | MICHAEL J. TELFER, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>Syracuse, NY 13261 | REBECCA H. ESTELLE<br>Special Assistant U.S.<br>Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Monte Mauzy challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed September 30, 2013, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed. (Dkt. No. 17.) Pending are Mauzy's objections to the R&R. (Dkt. No. 18.) For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[1]

On October 16, 2009, Mauzy filed applications for DIB and SSI under the Social Security Act. (Tr.[2] at 71-72, 165-69, Dkt. No. 17 at 2.) After his applications were denied, Mauzy requested a hearing before an

---

[1] The court incorporates the factual recitations of the parties and Judge Hines. (*See generally* Dkt. Nos. 12, 15, 17; *see also* Admin. Tr., Dkt. No. 9.)

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 9.)

Administrative Law Judge (ALJ), which was held on August 2, 2011. (Tr. at 42-70, 91-101.) On September 16, 2011, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (Tr. at 1-5, 74-89.)

Mauzy commenced the present action by filing a complaint on May 25, 2012, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be affirmed. (*See generally* Dkt. No. 17.)

### III.  **Standard of Review**

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v.*

3

*N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Mauzy raises two specific objections to the R&R regarding development of the record and credibility, which the court will review *de novo*.[3] (Dkt. No. 18 at 1-4.) The remainder of the R&R will be reviewed for clear error.

## A. Development of the Record

First, Mauzy objects to Judge Hines' conclusion that the ALJ did not err by failing to obtain additional treatment records from treating physicians Catherine Keating and Jody Stackman. (Dkt. No. 18 at 1-3.) According to

---

[3] Mauzy purports to object to the R&R on the three grounds. (Dkt. No. 18 at 1-5.) Mauzy's third objection is that the step five determination was unsupported by substantial evidence "due to the ALJ's errors in developing the record and evaluating [Mauzy's] credibility," as well as the ALJ's failure to include all of the limitations opined by his treating physician. (*Id.* at 4-5.) The substance of this argument, however, was previously raised in Mauzy's brief and considered and rejected by Judge Hines. (Dkt. No. 12 at 22-23; Dkt. No. 17 at 25-28.) This "objection," therefore, is general and does not warrant de novo review. *See Almonte*, 2006 WL 149049 at *4.

4

Mauzy, Judge Hines incorrectly found that the ALJ satisfied his duty to develop the record by leaving the record open for six weeks after the administrative hearing, and relying on Mauzy's counsel to obtain additional medical documentation. (*Id.* at 2-3; Dkt. No. 17 at 11-12.) However, as Judge Hines correctly observed, the ALJ's duty to develop the record is not without limit. *See Guile v. Barnhart*, No. 5:07-cv-259, 2010 WL 2516586, at *3 (N.D.N.Y. June 14, 2010). Indeed, an ALJ may, in certain circumstances, satisfy the duty to develop the record by asking the claimant's council to obtain additional medical documentation. (Dkt. No. 17 at 11-12); *see Dutcher v Astrue*, No. 09-CV-1161, 2011 WL 1097860, at *5-6 (N.D.N.Y. Mar. 7, 2011).

Here, at the hearing, the ALJ gave Mauzy's counsel an additional week to obtain and submit the treatment records of Drs. Keating and Stackman, with the instruction to request more time if needed. (Tr. at 46-47, 59-60, 69.) Subsequently, Mauzy's counsel submitted treatment records of Dr. Stackman from November 2010 and January 2011. (*Id.* at 13, 448-56.)[4] Mauzy's council also submitted additional medical source

---

[4] In November 2010, in order to rule out "seizure activity," Dr. Stackman performed an electroencephalography on Mauzy, which was within normal limits. (Tr. at 454.) Thereafter, Dr. Stackman completed an electrodiagnostic exam of Mauzy, which indicated "mild median

5

statements completed by Dr. Keating, indicating that Mauzy's physical and mental limitations would remain if he stopped using drugs and/or alcohol, and that his functional limitations—which Dr. Keating had provided in a previous medical source statement[5]—existed since at least March 15, 2006, Mauzy's alleged onset date. (*Id.* at 12, 445-47, 457-58.)

Despite these post-hearing submissions, Mauzy's counsel requested further time to secure additional treatment records from Dr. Keating, and, after this additional time period had lapsed, requested the ALJ's help securing such additional records from Dr. Keating. (*Id.* at 10, 11.) However, as Judge Hines noted, the record before the court does not reflect that the ALJ formally acted on Mauzy's request. (Dkt. No. 17 at 9.) Nonetheless, as the ALJ afforded Mauzy's counsel additional time to obtain medical evidence, considered the additional evidence submitted

---

nerve entrapment at the left wrist, and even less so at the right wrist." (*Id.* at 450.) No evidence of a more generalized polyneuropathy was seen, however, the study suggested bilateral ulnar nerve entrapments at the elbows, and "a possible right peroneal neuropathy." (*Id.*)

[5] In July 2011, Dr. Keating opined that Mauzy required a job that permits shifting positions at will, and would need to take very frequent breaks during a work day. (Tr. at 445.) Further, Dr, Keating reported that Mauzy can never twist, bend, crouch, or climb, and rarely grasp, turn, or twist objects with his hands, perform fine finger manipulations, or reach with his arms. (*Id.* at 446.) Additionally, Mauzy would be off task for more than twenty percent of the day and would miss more than four days of work per month. (*Id.* at 447.) According to Dr. Keating, these functional limitations were caused by Mauzy's "[l]ow back pain, [b]ilateral carpal tunnel, [and] ETOH abuse." (*Id.* at 445.)

during this period, Mauzy's counsel did not request assistance securing additional evidence from Dr. Keating until this additional time lapsed, and the record before the ALJ included clinical and laboratory findings with respect to both Mauzy's low back pain and carpal tunnel, the court cannot say that the ALJ did not properly discharge his duty to develop the record. (Tr. at 301, 362, 365-69, 378-79, 387, 394-406, 450.)  Furthermore, the ALJ legitimately rejected Dr. Keating's assessments because they were inconsistent with the objective evidence of record.  (*Id.* at 83.)  Mauzy's suggestion that the ALJ relied on the fact "that there was no medical evidence to support the assertions contained within [Dr. Keating's] medical source statement" is misleading.  (Dkt. No. 18 at 2.)  In fact, in discounting Dr. Keating's opinion, the ALJ relied, in part, on the lack of medical evidence between December 2006—nine months after Mauzy's alleged onset date—and 2009—when Mauzy began treating with Dr. Keating.  (Tr. at 83, 301, 458.)

**B.     Credibility Determination**

Mauzy also objects to Judge Hines' recommendation that the ALJ's credibility determination was supported by substantial evidence.  (Dkt. No. 18 at 3-4.)  Mauzy contends that the ALJ selectively chose evidence in the

7

record that supports his conclusion when he "failed to discuss much of [Mauzy's] testimony regarding his daily activities." (*Id.*) The court concurs with Judge Hines that Mauzy's argument in this respect is meritless. (Dkt. No. 17 at 24.)

As Judge Hines pointed out, "an ALJ is not required to discuss every piece of evidence submitted." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d. Cir. 2012); (Dkt. No. 17 at 24.) Further, "[f]ailure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are sufficiently specific to conclude that he considered the entire evidentiary record." *Judelsohn v. Astrue*, No. 11-CV-388S, 2012 WL 2401587, at *6 (W.D.N.Y. June 25, 2012) (internal quotation marks and citation omitted); *see Oliphant v. Astrue*, No. 11-CV-2431, 2012 WL 3541820, at *22 (E.D.N.Y. Aug. 14, 2012). As noted by Judge Hines, the ALJ properly considered Mauzy's activities of daily living, testimony regarding his functional abilities, the effectiveness of his treatment, including medication, the objective medical evidence, and the opinion evidence. (Tr. at 80-83; Dkt. No. 17 at 24-25.) Thus, as the ALJ clearly considered Mauzy's complaints, and sufficiently explained his credibility determination, which is

8

supported by the record, the court finds no error. (Tr. at 81-83.)

## C. Remaining Findings and Conclusions

Having addressed Mauzy's specific objections *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Hines' R&R in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' September 30, 2013 Report and Recommendation (Dkt. No. 17) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Mauzy's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 13, 2014
Albany, New York

_/s/ Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court